UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANTHONY BUSH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03471-TWP-MJD |
| | ) | |
| WENDY KNIGHT (Warden), | ) | |
| | ) | |
| Respondent. | ) | |

**Order Granting Petition for Writ of Habeas Corpus and
Directing Entry of Final Judgment**

The petition of Anthony Bush ("Mr. Bush") for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 18-05-0065. For the reasons explained in this Order, Mr. Bush's habeas petition must be **GRANTED**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 Fed. Appx. 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On April 28, 2018, Sergeant L. Bryant wrote a Conduct Report charging Mr. Bush with A-102, assault with a weapon. Dkt. 9-1. The Conduct Report states:

> On 4/28/2018 at approx. 2:50 AM an assault with a deadly weapon occurred to another offender in the 1 range left hand bathroom. Upon review of the camera it was observed that Offender Bush, Anthony 228485 11B-1B was seen entering this bathroom and was the only other offender in this bathroom at the time of the assault. Offender Bush was observed pulling a sharpened piece of metal from his pants before entering the bathroom, entering the bathroom and quickly leaving the bathroom shortly after the time of the assault. Because Offender Bush was in possession of this home made weapon and it was used to assault another offender[,] Offender Bush violated code 102 assault with a deadly weapon.

Dkt. 9-1. As physical evidence, Sergeant Bryant noted "Camera Left B-Unit Time stamp 2:50 AM." *Id.* A picture of the sharpened piece of metal was taken. *Id.* at 2.

Mr. Bush was notified of the charge on May 5, 2018, when he received the Screening Report. He pleaded not guilty to the charge and requested a lay advocate, "Dickson." Dkt. 9-2 at 1. Mr. Bush requested a witness statement from another inmate, "Kalif," asking "where was I." *Id.* The form noted that Mr. Bush was requesting Mustafa Khalif ("Mr. Khalif"), DOC No. 267155, as a witness. As physical evidence, Mr. Bush requested camera evidence on April 28, 2018, between 2:45 am and 2:56 am to show that he did not stab anyone or have a sharp piece of metal. *Id.* A lay advocate was later provided to Mr. Bush. Dkt. 9-2 at 2. Mr. Khalif also provided a witness statement that, "[Mr. Bush] was in my room the whole night talking to me and my room[m]ate." Dkt. 9-3 at 4.

The disciplinary hearing board determined that allowing Mr. Bush to view the video recorded evidence would jeopardize the safety and security of the facility, so a summary of the video recording was prepared. Dkt. 9-3 at 2. The video summary stated:

> I, Sgt. J. Pardue, reviewed the video footage for case number: CIC 18-05-0065. During the video review offender Bush #228485 can be seen reaching into his pants

and pulling an item out. He then quickly enters the restroom. The offender can be seen exiting the restroom area very quickly.

*Id.* The Court reviewed the video, which was submitted *ex parte*. Dkt. 13 (*ex parte*). The video summary prepared by the disciplinary hearing board accurately summarizes the video. *Id.*

The prison disciplinary hearing was held on May 16, 2018. According to the notes from the hearing, Mr. Bush stated, "I was in the bathroom but before that I was in Khalif's room. I went to the restroom because I was trying to avoid staff because I wasn't supposed to be out." Dkt. 9-3 at 1. Based on the staff reports, Mr. Bush' statement, the witness statement, the physical evidence, and the video evidence, the hearing officer found Mr. Bush guilty of A-102, assault with a weapon. Dkt. 9-3 at 1. The hearing officer noted that the "witness statement and Bush statement conflict. Video shows Bush going in restroom pulling an item out off his person." *Id.* The sanctions imposed included 180 days of earned credit time deprivation and a credit class demotion. *Id.*

Mr. Bush appealed to the Facility Head and the Indiana Department of Correction (IDOC) Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Bush's habeas petition challenges his prison disciplinary conviction on two grounds: (1) sufficiency of the evidence and (2) denial of evidence. *See* dkt. 1-1 at 1-2. The respondent only addresses Mr. Bush's challenge to the sufficiency of the evidence and argues there was "some evidence" to support the disciplinary conviction. Dkt. 9. Mr. Bush did not file a reply, and the time to do so has passed.

1. <u>Sufficiency of the Evidence</u>

Mr. Bush argues that there was insufficient evidence to show he assaulted the victim. Specifically, he alleges that there was no fingerprint analysis, DNA evidence, or laboratory testing to prove he was involved. Nor was there testing on the victim to show if the wound was self-inflicted.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Adult Disciplinary Code Section A-102 is entitled "Battery," and is defined as: "[k]nowingly or intentionally touching another person in a rude, insolent, or angry manner; or in a rude, insolent, or angry manner places any bodily fluid or bodily waste on another person." Dkt. 9-5 at 1.

Here, the Conduct Report explained that an assault had occurred, and upon review of the camera, Sergeant Bryant was able to observe that Mr. Bush was the only other inmate in the bathroom at the time of the assault. Sergeant Bryant further noted that Mr. Bush was "observed pulling a sharpened piece of metal from his pants before entering the bathroom, entering the bathroom and quickly leaving the bathroom shortly after the time of the assault." Dkt. 9-1 at 1.

4

This is "some evidence," under *Ellison*, that Mr. Bush assaulted the other inmate with a weapon in violation of A-102.

Although Mr. Bush argues that there was no fingerprint analysis, DNA evidence, or laboratory testing to prove he was involved, Mr. Bush was not entitled to that evidence because the prison was not obligated to create or produce evidence it did not have. *See Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017) ("Manley was not entitled to demand laboratory testing and publications about the reliability of the particular field test…Prison administrators are not obligated to create favorable evidence or produce evidence they do not have."). Nor was the prison required to test the victim to show if the wound was self-inflicted. Based on the totality of the evidence, it was reasonable for the hearing officer to rely on the Conduct Report prepared by Sergeant Bryant and the video evidence in which Mr. Bush was identified as the only other inmate in the bathroom during the assault and to attribute the assault to Mr. Bush. As noted above, the "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat*, 288 F.3d at 981; *see also Hill,* 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Accordingly, Mr. Bush is not entitled to relief based on his challenge to the sufficiency of the evidence.

2. <u>Denial of Evidence</u>

Mr. Bush argues that his due process rights were violated when he was improperly denied the ability to review the evidence, except for a picture of the weapon. Dkt. 1-1 at 2. He further argues that he was improperly denied his request to call another inmate as a witness, who would have testified that the victim stabbed himself to get out of the dorm. *Id.* The respondent did not respond to Mr. Bush's claim, and have therefore waived any response to this claim. *See Coleman*

*v. Hardy*, 690 F.3d 811, 818 (7th Cir. 2012) (argument not raised before district court waived); *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 650 (7th Cir. 2011) ("underdeveloped argument" waived).

Though not entitled to the "full panoply of rights" provided in criminal proceedings, *Wolff*, 418 U.S. at 56, prisoners subject to disciplinary proceedings in which a liberty interest is at stake "must be allowed to present relevant evidence, including witness testimony, unless it is cumulative or unduly threatens the security of the facility." *Ellison*, 820 F.3d at 274. Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008).

Here, Mr. Bush argued that inmate Gaby, the victim's bunkmate, saw the victim stab himself to get out of the dorm. Mr. Bush alleges that he asked for a postponement of the hearing to obtain a witness statement from Gaby. Because it appears that Mr. Bush requested the witness statement at or before the hearing, his request was timely. *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002) (A request is timely if it is made "either before or at the hearing."). Moreover, Gaby's witness statement would have been exculpatory because, if the victim stabbed himself while in his dorm room (and not the bathroom), then Mr. Bush could not have assaulted the victim

with a weapon and the evidence would not have been sufficient to support a guilty finding. The denial of evidence here was therefore a violation of Mr. Bush's due process rights.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. Because the denial of potentially exculpatory evidence violated the due process requirement of *Wolff*, the disciplinary finding of guilt was arbitrary and that finding, and the sanctions imposed must be **VACATED AND RESCINDED.** Mr. Bush's loss of credit time shall be restored as promptly as possible. Accordingly, Mr. Bush's petition for a writ of habeas corpus is **GRANTED**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 3/5/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTHONY BUSH
228485
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov